Seawell, J.
By the first clause of this will, the testator devises to his daughters several tracts of land, and provides in the same clause, that if either of them should die before marriage, that the lauds devised to such one, so dying, should go to the survivors ; and in case they should all die before marriage that the lands so devised should go to the Boddies and Crudups.—By the latter clause the testator devises to his same daughters, a number of slaves, together with other specified personal estate, and then adds a general sweeping clause of all the rest and residue of his estate, both personal, real and mixed, to be equally divided amongst them when the two eldest arrive at the age of 18 or marry ; but adds, that if either of them should die before their arrival at 18 or marriage, then the share of the one so dying should go the survivors, but in case they should all die before they arrive at 18 or marry and have issue, then he directs the said personal estate, particularly specifying it, and all other property which they are entitled to by his will, should go to the Boddies, the Perrys, the liixesy and the Arringtons.
Mourning, one of the daughters arrived at 18 and married, but died without issue; and the question is, do the lands devised to her, pass to the surviving sisters, or do they descend to the heirs at law ? If the lands are not affected by the latter clause, it is clear they became vested ; and I confess that upon looking into both clauses, it appears to me plain that it was not intended by the testator they should be subject to it in any manner. The first is a plain limitation to the Boddies and Crudups upon a default of the daughter’s arriving at 18 or marriage—The other clause respecting the personal estate is limited to a different set of persons, and not upon the same contingency as respected the lands, but upon a default of their dying unmarried, under 18 and without issue ; ¿o that it se ns impossible to suppose he could have intended, consistently, with all he had declared, to have made the lands *314 subject to that clause : nor can we be brought to under-stantl him so, by any thing short of downright and posi-* tive declarations ; these he has not made, but it is certain that he has used terms which comprehended them within their scope—he has said all the other property; but as they do not otherwise than by construction embrace the lands, such construction must stand controlled by the other clause, whose peculiar office it was to dispose of them. The case therefore is not like those of the same identical thing being devised to two different persons, by different clauses ; there, it was impossible to understand the testator otherwise, on account of the same thing being both times devised—here there is a general term used. But even if it should be proper to consider the lands as subject to the latter clause, yet I think that according to a just and proper construction of tlmt clause, a remainder to the surviving sisters was not to take place, but upon a dying unmarried, Under 18 and without issue ; for though the words of the will are “ if she shall die under 18 or un» married and without issue,” yet the u or” must be understood “ and,” otherwise a dying with issue under 18 would not prevent the estate from passing to the survivors : And surely it Was the intention of the testator to provide for the issue, if we respect his declarations.
But it has already been decided in this Court upon this Will, and this very clause* that such construction should be put upon the words. And 1 Wils, 140. 3 Term Rep* 47. -4 Term Rep>, 441¿ cited by the Plaintiff’s counsel in this case, are direct authorities in support of such construction. But it has been insisted, that though this should be the proper construction in relation to the personal esp fate* yet in respect to the real, the same words may be tonstrued differently ; and Forth and Chapman in P. Wil-Hams is cited as an authority ; but this case has been ful-answered on the other side by the case from Vernon,* which determines that wherever the real and personal are fo go oyer together, that the same construction shall bs *315 applied to the words in relation to each. And this case is noticed in 2 Fearne page 195, by way of note to Forth and Chapman. I think therefore, whichever way this case is considered there must be judgment for the heirs at law. And the act of Assembly 1799 having made bastard brothers and sisters capable of inheriting to each other in like manner as if they were legitimate, there must be judgment for their lessees also.
Hall, Daniel & Ruítfin, j. concurred.

 Richards v. Burgaveny.